UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONTRELL S. RICE,

    Plaintiff,

    v.                                    CAUSE NO. 3:24-CV-726-DRL-SJF

JEREMY M. NOEL, et al.,

    Defendants.

OPINION AND ORDER

Dontrell S. Rice, a prisoner without a lawyer, filed a complaint against Attorney Jeremy M. Noel, Prosecuting Attorney Sean Fagan, and Deputy Prosecutor Julianne K. Havens. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In this case, Mr. Rice initially sues Attorney Noel, the public defender who is representing him in his criminal case.[1] He says he is unhappy with Attorney Noel's representation because he has not met with him since May 8, 2024 and lied about his

---

[1] In November 2023, Mr. Rice was charged with burglary and those charges are pending in the LaPorte Circuit Court. ECF 10.

request for a fast and speedy trial. ECF 1 at 2. Mr. Rice further asserts that Attorney Noel has refused to answer his phone calls, failed to provide him with the state's discovery evidence against him, and has not filed the motions he sent him. *Id.* at 2-4.

"[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Though the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that the defendants' actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). In the case of a criminal defense attorney, even an appointed public defender, the actions of the attorney are not fairly attributable to the state and the attorney is not acting under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *McDonald v. White*, 465 F. App'x 544, 548 (7th Cir. 2012) (dismissing claims against public defender as frivolous because "court-appointed public defender is not a state actor, and thus cannot be sued under 42 U.S.C. § 1983"). Therefore, Mr. Rice cannot proceed against Attorney Noel.

Mr. Rice has also sued Prosecuting Attorney Fagan and Deputy Prosecutor Havens because he believes Attorney Noel is "trying to sell [him] out to the judge and the prosecutors." ECF 1 at 3. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."

*Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Thus, he cannot proceed against these two defendants.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

September 30, 2024                    *s/ Damon R. Leichty*
                                       Judge, United States District Court